IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RAMOS, | § | |
| *Plaintiff,* | § | SA-20-CV-00232-FB |
| vs. | § | |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, OFFICIAL CAPACITY; KIMBERLY COFFEE, OFFICIAL CAPACITY, CASEWORKER, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; SHELLY DOUGLOSCH, INDIVIDUAL CAPACITY, SUPERVISOR, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; AND JIMMIE D. MITCHELL, OFFICIAL CAPACITY, CASEWORKER, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; | § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed February 26, 2020 [#1] and Plaintiff's *pro se* Motion for Appointment of Counsel [#2]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motions, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on an inability to afford court fees and costs and requests the appointment of an attorney to represent him in this case. Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP,

1

deny the motion to appoint counsel, and order Plaintiff to file a more definite statement regarding his factual allegations in this case.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed but receives monthly income in the form of disability or worker's compensation payments. Plaintiff does not have any savings or significant assets and owes $3,240 in monthly child support payments. The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II. Appointment of Counsel

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

skill required to present the evidence. *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standard under 28 U.S.C. § 1915(e). The Court will deny the motion.

### III. More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's proposed Complaint names the Department of Family and Protective Services ("DPS") and various employees of DPS in their individual or official capacities. Plaintiff alleges Defendants violated his constitutional rights to due process and equal protection pursuant to 42 U.S.C. § 1983 and alleges a cause of action under the Americans with Disabilities Act. Plaintiff claims that Defendants "acted in their official capacity to threaten [him] and steal [his] son" by coercing him to agree to a possessory conservatorship over his son during a mediation prior to a DPS court determination in July 2019. (Compl. [#1-1] at 4.) Plaintiff seeks full custody of his son and $50,000,000 in emotional pain and suffering through this lawsuit. (*Id.* at 5.)

Although there are some circumstances in which Plaintiff could sue DPS and its employees under Section 1983, Plaintiff may not use this lawsuit to challenge the unfavorable outcome of a state child custody order. In order to determine whether Plaintiff has alleged a

---

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous or fails to state a claim but is not required to screen non-prisoner cases at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

plausible claim for a violation of his due process or other rights under Section 1983, the Court will order Plaintiff to file a more definite statement clarifying the factual allegations underlying this lawsuit.

### IV. Conclusion

In summary, the Court will grant Plaintiff's motion to proceed IFP, deny his motion to appoint counsel, and order Plaintiff to file a more definite statement.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *pro se* Motion for Appointment of Counsel [#2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or before March 26, 2020)**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims. *See* Fed. R. Civ. P. 8(a)(2). In this More Definite Statement, Plaintiff must address the following questions:

1. Please provide a brief summary of the custody dispute underlying this lawsuit. Was there a state court lawsuit filed to determine the custody of your son? If so, in what court was the lawsuit filed? Was the lawsuit settled in mediation? Was there a final custody order resulting from the settlement agreement referenced or from some other court proceeding? If so, what was the result?

2. You allege that you were coerced into signing a custody agreement? Who do you allege coerced you? Were you threatened by any individual during the mediation? If so, who and what did this person do exactly to coerce you?

3. You mention your criminal history? Why do you believe your criminal history was not relevant to the custody determination in this case?

4. You name a number of officers of DPS in this lawsuit. Please list each Defendant and explain briefly the acts allegedly taken by each Defendant and how you were harmed by these acts.

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 5th day of March, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE