IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RAMOS, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00232-FB |
| vs. | § § § | |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, OFFICIAL CAPACITY; KIMBERLY COFFEE, OFFICIAL CAPACITY, CASEWORKER, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; SHELLY DOUGLOSCH, INDIVIDUAL CAPACITY, SUPERVISOR, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; AND JIMMIE D. MITCHELL, OFFICIAL CAPACITY, CASEWORKER, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; | § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion for Appointment of Counsel [#6]. This is Plaintiff's second motion to appoint counsel. The Court denied the previous motion when it granted Plaintiff's motion to proceed without payment of court costs and ordered Plaintiff to file a more definite statement [#4]. Plaintiff's more definite statement is due on or before March 26, 2020, in one day.

By his second motion to appoint counsel, Plaintiff asks the Court to appoint him counsel int his lawsuit and identifies Amos L. Barton of the Barton Law Firm in Kerrville, Texas for his representation. It is unclear from Plaintiff's motion whether Mr. Barton has agreed to represent Plaintiff in this case.

1

As previously explained, this Court has discretion to appoint counsel in a civil case, but there is no right to the appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Under governing law, appointment of counsel in a civil case should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. The Court finds no exceptional circumstances in this case. Moreover, it is possible that this Court lacks subject matter jurisdiction over Plaintiff's lawsuit, which challenges a custody determination relating to his minor son. The Court will therefore again deny the motion to appoint counsel. If Mr. Barton has agreed to represent Plaintiff, and if he is admitted to practice in the Western District of Texas, Plaintiff should instruct Mr. Barton to file a notice of appearance in this case.

The Court also reminds Plaintiff that he must file a more definite statement answering the questions identified in the Court's previous order [#4] to avoid dismissal of this lawsuit. The Court will grant Plaintiff a modest extension of time to file his more definite statement and will repeat the questions Plaintiff must answer here. Plaintiff does not need legal training to answer these questions, which concern facts and not law. He must merely provide the Court with the factual basis of this lawsuit so the Court is able to evaluate its jurisdiction and the potential merits of Plaintiff's claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [#6] is **DENIED**.

**IT IS FURTHER ORDERED** that **on or before April 3, 2020**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims. *See* Fed. R. Civ. P. 8(a)(2). In this More Definite Statement, Plaintiff must address the following questions:

1. Please provide a brief summary of the custody dispute underlying this lawsuit. Was there a state court lawsuit filed to determine the custody of your son? If so, in what court was the lawsuit filed? Was the lawsuit settled in mediation? Was there a final custody order resulting from the settlement agreement referenced or from some other court proceeding? If so, what was the result?

2. You allege that you were coerced into signing a custody agreement? Who do you allege coerced you? Were you threatened by any individual during the mediation? If so, who and what did this person do exactly to coerce you?

3. You mention your criminal history? Why do you believe your criminal history was not relevant to the custody determination in this case?

4. You name a number of officers of DPS in this lawsuit. Please list each Defendant and explain briefly the acts allegedly taken by each Defendant and how you were harmed by these acts.

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 25th day of March, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE