IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO R. RAMOS, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00232-FB |
| vs. | § § § | |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, OFFICIAL CAPACITY; KIMBERLY COFFEE, OFFICIAL CAPACITY, CASEWORKER, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; SHELLY DOUGLOSCH, INDIVIDUAL CAPACITY, SUPERVISOR, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; AND JIMMIE D. MITCHELL, OFFICIAL CAPACITY, CASEWORKER, TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; | § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns this Court's review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed because Plaintiff has failed to allege sufficient facts to establish this Court's subject matter jurisdiction or to state a claim upon which

1

relief may be granted. The Court will also deny Plaintiff's third Motion to Appoint Counsel [#6].

## I. Procedural Background

Plaintiff filed this lawsuit *pro se* on February 26, 2020, seeking to proceed *in forma pauperis* ("IFP") in this action. On March 5, 2020, the Court granted Plaintiff's motion to proceed IFP but ordered that Plaintiff file a more definite statement to clarify some identified deficiencies in his proposed Complaint [#4]. The Court ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement. Plaintiff timely filed his More Definite Statement on April 2, 2020 [#8]. Plaintiff has also filed a Motion to Appoint Counsel [#9]. This is Plaintiff's third motion to appoint counsel. The Court has previously denied two similar motions filed by Plaintiff [#4, #7]. For the reasons that follow, the Court will deny Plaintiff's third motion to appoint counsel and recommend that the District Court dismiss Plaintiff's Complaint under Section 1915(e).

## II. Appointment of Counsel

As the Court has previously explained to Plaintiff, there is no right to appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, among other factors. *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). While the Court is sympathetic with the difficulties Plaintiff may face in presenting his case to this Court as a non-lawyer, Plaintiff has not provided

the Court with some of the basic facts about this lawsuit, which were specifically requested in the Court's Order for a More Definite Statement, so that the Court can evaluate whether this case is of the type and complexity that would warrant appointment of counsel. As such, Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standard under 28 U.S.C. § 1915(e). The Court will deny the motion.

### III. Review of the Pleadings

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Complaint names the Department of Family and Protective Services ("DFPS") and various employees of DFPS in their individual or official capacities. Plaintiff alleges Defendants violated his constitutional rights to due process and equal protection pursuant to 42 U.S.C. § 1983 and alleges a cause of action under the Americans with Disabilities Act. Plaintiff claims that Defendants "acted in their official capacity to threaten [him] and steal [his] son" by coercing him to agree to a possessory conservatorship during a mediation prior to a DFPS court determination in July 2019. (Compl. [#5] at 4.) Plaintiff explains that he was told that his criminal history from 15 years ago would be used against him and his parental rights would be terminated if he did not sign the order giving him possessory conservatorship over his son. (*Id.*

---

[1] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous or fails to state a claim but is not required to screen non-prisoner cases at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

at 4.) Plaintiff felt that he had no choice but to assent to the custody agreement if he wanted to continue to see his son. (*Id.*) Plaintiff explains that he complied with all of DFPS's requirements, such as completing parenting classes, a violence intervention program, and taking drug tests that all came back negative for illegal substances. (*Id.*) Plaintiff seeks full custody of his son and $50,000,000 in emotional pain and suffering through this lawsuit. (*Id.* at 5.)

In its Order for a More Definite Statement, the Court asked Plaintiff to answer specific questions to clarify his allegations and provide the Court with additional facts surrounding the custody dispute underlying this lawsuit. (Order [#7].) These questions included whether there was a state-court lawsuit and the nature of the lawsuit, whether there was a final custody order and the details of the order, who allegedly coerced him into signing the agreement, why Plaintiff believes his criminal history would not be relevant to the custody determination in this case, and what each of the named Defendants specifically did to harm Plaintiff.

Plaintiff's More Definite Statement [#8] does not address these questions. However, it does briefly explain why DFPS began investigating the alleged neglect of Plaintiff's son in the first instance. Plaintiff explains that on April 4, 2018, DFPS received a referral alleging neglect of his three-month-old son due to the impairment of Ms. Pence (the boy's mother) from alcohol abuse and Plaintiff's knowledge of the abuse and failure to protect the child from danger. Plaintiff maintains that Ms. Pence was not under the influence of alcohol but was on bedrest, and there was no evidence of these allegations to support the removal of the child from the home and his parents.

There are still deficiencies in Plaintiff's pleadings that have not been resolved by Plaintiff's More Definite Statement. First, nowhere in Plaintiff's Complaint or More Definite Statement does Plaintiff explain any facts that would give rise to a claim under the Americans

4

with Disabilities Act, an act protecting individuals with disabilities from discrimination in employment and public accommodations.  *See* 42 U.S.C. § 12101, *et seq*.  Plaintiff does not allege he has a disability or suffered discrimination because of a disability.  Plaintiff has failed to state a claim under the Americans with Disabilities Act.

Secondly, one of the named Defendants in this lawsuit is DFPS. DFPS, as a state agency, enjoys sovereign immunity from suit.  "Sovereign immunity is a pre-constitutional guarantee that states cannot be subject to suits by their own citizens without their consent."  *Solis v. Texas*, 488 Fed. App'x 837, 839 (5th Cir. 2012) (citing U.S. Const. amend. XI; *Alden v. Maine*, 527 U.S. 706, 712–13 (1999).  The Eleventh Amendment of the United States Constitution has been interpreted to reflect the fundamental principle of sovereign immunity and to preclude suits against a state government by citizens of that state unless the state has waived its immunity or Congress has abrogated that immunity.  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).  This protection extends to state agencies and state departments and applies regardless of the relief sought.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Texas has not waived its immunity from suit as to DFPS, meaning it has not made an exception from the State of Texas's general Eleventh Amendment immunity to allow suits against DFPS in federal court.  *See Valdez v. Tex. Dep't of Family & Protective Servs.*, No. 5:14-1056-RCL, 2015 WL 4395404, at *2 (W.D. Tex. July 15, 2015).  Plaintiff therefore cannot sue DFPS, a state agency, for violations of due process and equal protection under Section 1983.  *See, e.g.*, *Wauson v. Tex. Dep't of Family & Protective Servs.*, No.  A-08-CA-051-SS, 2008 WL 11419033, at *2 (W.D. Tex. July 28, 2008) (applying immunity doctrine to bar claims constitutional claims against DPS).  DFPS is also not a "person" subject to suit under Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

Plaintiff also names a number of individual DFPS case workers in his Complaint in their official capacities. State officials may be sued in their official capacities for injunctive or declaratory relief under Section 1983, but not for monetary damages. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). Plaintiff's lawsuit seeks both full custody of his son and $50,000,000 in emotional pain and suffering through this lawsuit. (Compl. [#5] at 5.) Plaintiff cannot sue these individual officers in their official capacities for monetary damages. *Ex Parte Young*, 209 U.S at 159–60. Plaintiff has also failed to allege any specific actions taken by any individually named Defendant to proceed against these Defendants in their individual capacities. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (explaining that a plaintiff must allege specific facts to subject individual defendants to liability for the constitutional deprivation at issue).

As for Plaintiff's request for injunctive relief in the form of the return of his son to his full custody, the Court is unable to determine that it has subject matter jurisdiction over these claims. Plaintiff's more definite statement did not provide the Court with the requested information regarding the state-court custody order. However, the Court infers from Plaintiff's allegations that his lawsuit is challenging a state court judgment resulting from state custody proceedings. It appears that the parties entered into a settlement agreement that was likely incorporated into a final custody order.

Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375

(5th Cir. 1995).  The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Fifth Circuit has recognized that there are some circumstances in which a federal lawsuit would not be barred by *Rooker-Feldman*, such as where the alleged injuries were caused by the defendant's actions rather than the state court judgment.  *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014) (finding lawsuit not jurisdictionally barred where plaintiff challenged initial seizure of her son and an allegedly unnecessary sexual assault performed upon him).  There are some facts alleged by Plaintiff in this lawsuit that could be construed as causing injury separate and apart from any state-court custody determination or judgment.  Plaintiff alleges he was coerced into agreeing to the possessory conservatorship, for example.  Yet, Plaintiff does not identify who allegedly coerced him or what any individual Defendant named in this lawsuit did to violate his constitutional right to due process and equal protection.

The Court asked Plaintiff specific questions about the procedural background of the child custody order challenged in this lawsuit.  Plaintiff's More Definite Statement did not answer these questions.  Plaintiff's Complaint and More Definite Statement have not provided the Court with sufficient information to determine that this Court has subject matter jurisdiction over Plaintiff's claims.  Accordingly, the District Court should dismiss this case for failure to state a claim and for lack of subject matter jurisdiction under Section 1915(e).

### IV.  Order and Recommendation

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel [#6] is **DENIED**.

Having considered Plaintiff's Proposed Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned also **recommends** that Plaintiff's claims be **DISMISSED** pursuant to Section 1915(e).

### V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of May, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE